**UNITED STATES DISTRICT COURT WESTERN DISTRICT OF WASHINGTON AT TACOMA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| Plaintiff, | Case No. CR 18-5579-RBL |
| v. | **DETENTION ORDER** |
| **JOSE LUIS SIERRA BARRIENTOS,** | |
| Defendant. | |

THE COURT, having conducted a detention hearing pursuant to 18 U.S.C. Sect. 3142, finds that no condition or combination of conditions which defendant can meet will reasonably assure the appearance of the defendant as required and/or the safety of any other person and the community.

This finding is based on 1) the nature and circumstances of the offense(s) charged, including whether the offense is a crime of violence or involves a narcotic drug; 2) the weight of the evidence against the person; 3) the history and characteristics of the person including those set forth in 18 U.S.C. Sect. 3142(g)(3)(A)(B); and 4) the nature and seriousness of the danger release would impose to any person or the community.

*Findings of Fact/ Statement of Reasons for Detention*

**Presumptive Reasons/Unrebutted:**
( )   Conviction of a Federal offense involving a crime of violence. 18 U.S.C. Sect. 3142(f)(A)
( )   Potential maximum sentence of life imprisonment or death.  18 U.S.C. Sect. 3142(f)(B)
( X ) Potential maximum sentence of 10+ years as prescribed in the Controlled Substances Act (21 U.S.C. Sect. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. Sect. 951 et seq.) Or the Maritime Drug Law Enforcement Act (46 U.S.C. App. 1901 et seq.)
( )   Convictions of two or more offenses described in subparagraphs (A) through (C) of 18 U.S.C. Sect. 3142(f)(1) of two or more State or local offenses that would have been offenses described in said subparagraphs if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses.

**Safety Reasons:**
( X )   Danger of instant offense and gravity of the defendant's role in the illegal enterprise.

**Flight Risk/Appearance Reasons:**

( X )   Defendant's recent arrival in the community of Burlington in the Western District of Washington, ability to avoid detection as a person whose immigration status is not currently legal, slim ties to the community include his two sisters and a short work history in his current occupation -- only a few months.

The defendant has produced information but it was of little weight; the Court finds the defense burden of production was met, but was overcome by Government's evidence. The defendant has two sisters in the area of Burlington, Washington and they provide his ties to the community. However he has been employed at his current occupation for only a few months, and does not have a long employment history in the State of Washington. He came to the United States from Honduras about 20 years ago; for 15 years, he lived and worked in New York. At some point he arrived in Burlington, Washington and for a time period (starting in May of 2017, according to the first supplemental presentence report) his place of residence was a trailer behind a business known as Customs-Sound; he shared the residence with one of the co-defendants in this case. He has lived and worked in the United States for about 20 years without being apprehended for violation of immigration or criminal laws.

The Court finds there are no conditions that would effectively mitigate the risk of flight or the risk of danger to others and danger to the community. The Court notes that at the time of the detention hearing, the parties stated that there was uncertainty about whether an immigration detainer was pending; the Court is not relying on the potential for an immigration detainer and has not considered any possibility of current or future immigration detainer proceedings as information regarding the factors that weigh in favor of either release or detention.

The United States met its burden of persuasion to show a serious risk of dangerousness to others and to the community by clear and convincing evidence. Regarding the circumstances of the current offense as charged in the Superseding Indictment, Dkt. 184, the Government asserts that Mr. Sierra Barrientos worked closely with Jaime Heredia Castro in distributing significant quantities of heroin. Mr. Sierra Barrientos was allegedly doing business as an illegal drug distributor and sharing a residence with Mr. Heredia Castro. The Government alleges that at the time government agents searched that residence on December 6, 2018, they found more than $16,000.00 in cash and approximately 400 gross grams of suspected fentanyl. Mr. Sierra Barrientos was the only person present in that residence at the time of the search. In addition, agents intercepted conversations where Mr. Sierra Barrientos and Mr. Heredia Castro were discussing breaking down kilogram quantities of heroin into 25-gram portions; and agents also intercepted conversations between Mr. Sierra Barrientos, Mr. Heredia Castro, and Ms. Karen Suryan (another defendant listed in the Superseding Indictment) about Ms. Suryan's need to pay a drug debt to Mr. Heredia Castro. In addition, the first supplemental pretrial services report notes that the defendant has a daily habit of smoking marijuana.

The Government also met its burden of persuasion to show by a preponderance of the evidence that risk of flight is significant. The defendant has lived in the United States for many years and managed to successfully fly under the radar of government immigration laws, avoid detection by law enforcement (except for the currently charged criminal offenses), and obtain employment. He came to Burlington from New York to visit his mother when she was in Burlington – at that time, his mother was visiting from Honduras and staying with his two sisters who live in Burlington. The Court finds there is a risk of flight back to Honduras. The defendant has not lived there for many years, yet he has family there; the defendant has two other sisters and his mother in Tegucigalpa, Honduras – people who would be there for him if he fled to Honduras, where he is a citizen. The Court also finds that the defendant poses a significant risk of flight to disappear and avoid detection within the United States, as he has successfully managed to live without legal immigration status for about 20 years. The Court is convinced there is no condition, nor a combination of conditions, sufficient to assure that the defendant would appear for court as required, or that the defendant would not pose a serious risk of danger to others and to the community.

*Order of Detention*

- The defendant shall be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.
- The defendant shall be afforded reasonable opportunity for private consultation with counsel.
- The defendant shall on order of a court of the United States or on request of an attorney for the Government, be delivered to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

December 20, 2018

*/s/ Theresa L. Fricke*

Theresa L. Fricke
United States Magistrate Judge